**DOW JONES & COMPANY, INC., et al., Plaintiffs,**

**v.**

**POSTAL RATE COMMISSION OF the UNITED STATES et al., Defendants,**

Reader's Digest Association, Inc., Intervening Defendant.

Civ. A. No. 79–1292.

United States District Court, District of Columbia.

June 14, 1979.

Paula A. Jameson, Princeton, N. J., Raymond N. Shibley, Washington, D. C., for plaintiff Dow Jones.

W. Terry Maguire, Washington, D. C., for plaintiff National Newspaper Association.

Richard Littell, Washington, D. C., for plaintiffs American Newspaper Publishers Association and National Newspaper Association.

John H. E. Bayly, Jr., Washington, D. C., for defendants Postal Rate Commission, et al.

Timothy J. May, David C. Todd, Garret G. Rasmussen, Washington, D. C., for intervening defendant Reader's Digest Assn.

MEMORANDUM OPINION

GESELL, District Judge.

The Postal Rate Commission ("PRC") has instituted at its own initiative a proceeding under 39 U.S.C. § 3623. According to PRC Order No. 228, the proceeding will primarily address two issues: the appropriateness of

assessing a surcharge on customers that use the Postal Service's "redtag" (*i. e.*, expedited) second-class service, and, in the event that such a surcharge is deemed advisable, the propriety of establishing an official classification which would expand the number of users of the service beyond what the Postal Service now permits. The prescribed hearings to be held on these issues are imminent and are going to be conducted according to 5 U.S.C. §§ 556 & 557, see 39 U.S.C. § 3624(a). Plaintiffs have moved this Court to grant preliminary and final injunctive relief prohibiting continuation of the pending proceeding, on the ground that the PRC has acted in derogation of its own authority. The defendants and intervening defendant oppose. The matter is before the Court on motions treated by consent as cross-motions for summary judgment, which have been fully argued by counsel in open court. Purely legal issues are presented and no facts are in dispute.

At most, the authority possessed by this Court is to determine whether or not the PRC's initiation of the disputed Red Tag proceeding amounts to "a patent violation of agency authority." *See Independent Cosmetic Manufacturers v. HEW*, 187 U.S.App.D.C. 342, 343–346, 574 F.2d 553, 554–56 (1978), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (U.S.1978); *Nader v. Volpe*, 151 U.S.App.D.C. 90, 94–97, 466 F.2d 261, 265–68 (1972). Reason exists to doubt that Congress intended the District Courts to exercise even this limited authority. *See* 39 U.S.C. § 3628. Nevertheless, assuming *arguendo* that such is the test to be applied, the Court concludes that the PRC is not acting in patent violation of its authority in connection with the challenged proceeding.

Plaintiffs contend that the primary concern of the Red Tag proceeding will be rate issues and that the proceeding will inevitably produce a recommendation of a rate change to be forwarded to the Governors of the Postal Service ("Governors") for final promulgation. As such, the proceeding—according to plaintiffs—is void, because 39 U.S.C. § 3622 permits the PRC to initiate a "rate" proceeding only after the Postal Service has requested it to do so, something which the Postal Service has apparently declined to do in this case.

On the other hand, plaintiffs cannot and do not dispute that the PRC can commence, on its own initiative, a proceeding that will result in a recommended change "in the mail classification schedule." 39 U.S.C. § 3623. Some aspects of the pending Red Tag proceeding clearly concern classification issues. Therefore, the Court could not enjoin the entire proceeding. In addition, defendants have demonstrated that cost and rate considerations are often intertwined with classification concerns and inevitably play some role in inquiries directed at the proper classification of postal services, a view apparently shared by the Governors. *See Decisions of the Governors of the United States Postal Service Re: Several Recommended Decisions of the Postal Rate Commission on Proposed Changes in the Domestic Mail Classification Schedule* at 6–7 (Sept. 7, 1978). Thus, the Court could not enjoin the PRC from considering, in any shape or form, cost or rate issues in the upcoming proceeding. Such leaves open solely the possibility of an injunction prohibiting the PRC from *recommending* to the Governors the promulgation of a rate change. This the Court will not do. First, this aspect of plaintiff's claim comes prematurely because no one can be certain that the PRC will in fact recommend the implementation of any rate change. The PRC can act only after having received and considered dozens of submissions and after having conducted weeks of hearings. Second, it is speculative at best to argue that the Governors will merely rubber-stamp whatever the PRC decides to recommend. The Governors enjoy an independent responsibility under the statutory scheme to accept, reject or modify the PRC's decisions. *See* 39 U.S.C. § 3625. Moreover, no rate or classification recommendation of the PRC can have any independent force or effect in the absence of some action on the part of the Governors or the Board of Governors of the Postal Service. *See* 39 U.S.C. §§ 3625, 3641. Third,

the statutory scheme affords plaintiffs a remedy in the Court of Appeals should they ultimately wish to challenge whatever rate changes may result from the pending proceeding. *See* 39 U.S.C. § 3628. Finally, even if it were now certain beyond peradventure that the PRC will recommend a rate change along with a classification change at the completion of the Red Tag proceeding, the Court cannot state with the requisite certainty that such an action would be "a *patent* violation of agency authority," particularly in light of the Court of Appeals' recent decision in *National Association of Greeting Card Publishers v. United States Postal Service,* No. 78–1448, slip op. at 42–45 (D.C.Cir. June 8, 1979).

For these reasons, defendants' motion for summary judgment is granted and plaintiffs' complaint must be and is dismissed.